IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ROGHIEH GHOLAMI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | ) |
| Defendant. | ) **Jury Demanded** |

## COMPLAINT

For her complaint against the Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS (the "University of Illinois"), the Plaintiff, ROGHIEH GHOLAMI, states as follows:

### JURISDICTION

1. Gholami alleges that her rights under Title VII of the Civil Rights Act of 1964 have been violated. She alleges that she has been discriminated against because of her national origin and her sex in violation of 42 U.S.C. § 2000e-2. She also alleges that she has been subjected to retaliation in violation of 42 U.S.C. § 2000e-3.

2. Gholami's claims are all brought under a federal statute. As such, this Court has jurisdiction to hear her claims under 28 U.S.C. § 1331.

3. The actions giving rise to this complaint all occurred in Sangamon County, Illinois, making venue proper in this Court.

4. Gholami previously filed a charge of discrimination with the EEOC that was assigned case number 21B202000173. On September 30, 2022, a right to sue notice was issued to Gholami.

## PARTIES

5. Gholami is employed by the University of Illinois at its Springfield campus. She is employed as an Associate Professor in the Management Information Systems Department ("MIS") within the College of Business Management.

6. Gholami is from Iran.

7. Gholami is female.

8. The University of Illinois employs over 12,000 individuals in the State of Illinois. Of those, approximately 470 are employed as faculty and academic personnel at its Springfield campus.

9. The University of Illinois is an employer as that term is defined by Title VII.

## FACTUAL ALLEGATIONS

10. Gholami was originally employed by the University of Illinois in its MIS Department at the Springfield campus from 2015 until August of 2018.

11. Gholami worked as an Associate Professor of Business and Management.

12. Gholami became a tenured Professor at the University of Illinois in April of 2017.

13. During her initial tenure at the Springfield campus, Gholami reported directly to Dr. Rassule Hadidi who, at the time, was the Head of the MIS Department at the Springfield campus.

14. During the period of time that Gholami reported to Dr. Hadidi he subjected her to sexual harassment.

15. Gholami voluntarily resigned from the University of Illinois in 2018. One of the reasons she did was because of the sexual harassment of Dr. Hadidi.

16. In May of 2018 Gholami met with the Associate Vice Chancellor for Academic Affairs and the Provost over the College of Business Management, Dennis Papini.

17. During her meeting with Papini, Gholami accused Dr. Hadidi of subjecting her to sexual harassment. Her complaints constituted protected activity under Title VII.

18. In April of 2019 Gholami returned to a position at the Springfield Campus of the University of Illinois in its MIS Department.

19. When Gholami returned in April of 2019 she sought to return as a Full Professor as she had satisfied all requirements for that position and was fully qualified to be a Full Professor.

20. Gholami was not allowed to return as a full professor by the then Dean of the College of Business, Dr. Somnath Bhattacharya. Rather, he would only allow her to return as an Associate Professor. There was no legitimate reason for this determination and his justifications were pretextual.

21. Dr. Bhattacharya is male and his national origin is India.

22. Other male individuals with similar or less qualifications than Gholami were hired to work as Full Professors.

23. Other non-Iranian individuals with similar or less qualifications than Gholami were hired to work as Full Professors.

24. When she returned in 2019, Gholami was provided with a salary that was not commiserate with her experience and credentials.

25. When she returned in 2019, Gholami was given a salary that was not equal to the salary given to comparable males and to some who had fewer qualifications than she did.

26. When it was announced that Gholami would be returning to the University of Illinois she was subjected to a pattern of harassment. This included individuals disparaging her, spreading rumors about her, and engaging in activities that harmed her professional reputation.

27. Despite the fact that management was aware of the pattern of harassment directed against Gholami nothing was done to stop it.

28. As a result of the foregoing Gholami has sustained damages in the form of lost wages and emotional distress and other non-economic damages.

**COUNT I**
*National Origin Discrimination*

29. Paragraphs 1-28 are incorporated herein.

30. The University of Illinois has discriminated against Gholami because of her national origin. In this respect they denied her the title of Full Professor and they provided her with lower wages than what she should have earned.

31. But for Gholami's national origin these actions would not have occurred.

Wherefore, Gholami requests that this Court enter judgment in her favor and against the University of Illinois and provide the following relief:

A. Entry of an order finding that she has been discriminated against because of her national origin in violation of Title VII.

B. An award of damages sufficient to compensate her for her economic and non-economic injuries.

C. An award of costs and fees.

D. Any other relief that is appropriate.

## COUNT II
*Sex Discrimination*

32. Paragraphs 1-28 are incorporated herein.

33. The University of Illinois has discriminated against Gholami because of her sex. In this respect they denied her the title of Full Professor and they provided her with lower wages than what she should have earned.

34. But for Gholami's sex these actions would not have occurred.

Wherefore, Gholami requests that this Court enter judgment in her favor and against the University of Illinois and provide the following relief:

A.   Entry of an order finding that she has been discriminated against because of her sex in violation of Title VII.

B.   An award of damages sufficient to compensate her for her economic and non-economic injuries.

C.   An award of costs and fees.

D.   Any other relief that is appropriate.

## COUNT III
*Retaliation*

35.   Paragraphs 1-28 are incorporated herein.

36.   The University of Illinois has retaliated against Gholami because she opposed sexual harassment in the workplace. In this respect they denied her the title of Full Professor and they provided her with lower wages than what she should have earned. Additionally, she was subjected to a pattern of harassment.

37.   But for Gholami's complaints of sexual harassment, these actions would not have occurred.

Wherefore, Gholami requests that this Court enter judgment in her favor and against the University of Illinois and provide the following relief:

A.   Entry of an order finding that she has been retaliated against because because she engaged in activities protected under Title VII.

B.   An award of damages sufficient to compensate her for her economic and non-economic injuries.

C.   An award of costs and fees.

D.   Any other relief that is appropriate.

**THE PLAINTIFF REQUESTS A JURY TRIAL**

Roghieh Gholami

By: /s/ John A. Baker
  Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:       (217) 522-3445
Facsimile:       (217) 522-8234
Email:           jab@bbklegal.com